ELLIS, Judge.
Plaintiff herein was injured in an automobile accident which happened on September 2, 1965, when his car was. struck from the rear. After trial on the merits, judgment was rendered in favor of plaintiff for $8,057.10, which amount included an award of $1,305.00 for hospital expenses incurred in the Veteran’s Administration Hospital. From the said judgment, plaintiff perfected a suspensive appeal.
We are advised that all matters in this case have been settled with the exception of the award of the hospital expenses. There appears in the record a letter from plaintiff’s attorney advising the Veteran’s Administration that plaintiff has no interest in the appeal since the expenses, if recoverable, must be paid to the V.A. and that he is stepping out of the case. No appearance was made by plaintiff in this Court. Neither did the V.A. make an appearance, although plaintiff’s attorney offered to associate counsel in the case for that purpose.
The bill of the V.A. Hospital, amounting to $1,305.00, and the hospital record relative to plaintiff’s treatment were offered in evidence under the provisions of R.S. 13:3717, which provides that a properly certified copy of the record of any hospital in this State may be offered in evidence without further identification and as offered constitutes prima facie proof of its recitals. The form summarizing the course of treatment in the hospital shows the diagnosis to be lumbosacral strain — chronic, and cervical strain with thoracic outlet syn *890 drome. The summary itself reads as follows :
“40 yr. old N. M. adm. 11-15-66, principally for evaluation of and treatment of low back pain of 20 yrs. duration, that had become worse in the past two or three years. * * *
“The neck and upper extremity symptoms have followed in the wake of an auto accident in Sept. ’65 in which a whiplash type injury was sustained. This injury is currently under litigation and the patient and the neurosurgery consultant are not anxious to begin evaluation and treatment. Neuro-surgical consultant tentatively diagnoses the condition as neck strain and thoracic outlet syndrome. When litigation etc. has been settled and if symptoms persist, the neu-rosurgical service will be glad to do myelography and other diagnostic procedures. Pt. discharged today improved (re lumbosacral pain) to be followed by his own physician. Return to work will be at the discretion of the neurosurgeon caring for his neck (cervical spine) condition.”
On the front of the form, it is indicated that the lumbosacral strain was the one diagnosis responsible for the major part of the patient’s stay.
The medical history of plaintiff as revealed by his own testimony as well as that of Dr. Howard Hanson and Dr. Mont-rol Cummings, two general practitioners who treated him subsequent to the accident, shows that he first had back trouble while in service in 1945. In 1960, he was in the V.A. Hospital because of his back, and at that time was found to have lumbo-sacral arthritis. He was treated for back pain by Dr. Cummings on two occasions in 1960, and on one occasion in 1962. In 1963, he was injured while working at Louisiana State University, and at that time Dr. Cummings diagnosed a traumatically aggravated lumbosacral osteoarthritis. Apparently, he worked little, if at all, between the time of the 1963 accident and the time of the accident which is the subject of this case. His disability during that time is attributed to the back condition.
After this accident, his major complaint was of headaches and soreness and stiffness of the neck and shoulders. He did have a backache, but at no point in the record do we find that this condition is any worse than it was prior to the accident. Dr. Cummings, who primarily treated him after the accident, discharged him as of September 30, 1965 as having had the full benefit of medical treatment. On November 3, 1965, Dr. Hanson felt that most of the complaints were due to emotional tension rather than the traumatic effects of the accident. Dr. Hanson throughout his treatment, which extended from September 4, 1965 through October 24, 1966, did not demonstrate any back difficulty arising out of the accident, although he did from time to time find difficult with lumbar and lower thoracic spine areas.
We find that plaintiff was admitted to the V.A. Hospital primarily for the treatment of his low back difficulties, and that no showing has been made that the difficulty which he had at that time was any worse than the disabling condition which had persisted between 1963 and 1965, or that the symptoms in his back had been exacerbated by the accident of September 2, 1965. In addition, we note that the V.A. bill is on a per diem basis, so that there is no way that any portion thereof can be attributed, to the neck condition or to the back ,condition. We therefore find that plaintiff has failed to prove by a preponderance of the evidence that the V.A. Hospital treatment was causally connected with the accident of September 2, 1965.
It appears from certain statements of counsel that plaintiff had executed an assignment of his claim against defendants herein for the hospital expenses to the V.A. However, no copy thereof appears in the record. Since we are of the opinion *891 that recovery could not be had in any event, we need not pass on the question of plaintiff’s right to recover in the light of the assignment.
The judgment appealed from is therefore amended by reducing the amount thereof by the sum of $1,305.00, and, as amended, it is affirmed. All costs of the appeal are to be paid by plaintiff.
Amended and affirmed.